# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01052 |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, a Subsidiary of STATE | ) | |
| FARM INSURANCE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant State Farm Fire and Casualty Company, a subsidiary of State Farm Insurance (doc. 40) and a Motion to Sur-Reply filed by Plaintiff Waseem Daker (doc. 48). This matter has been fully briefed and is ripe for review. For the following reasons, the Motion to Sur-Reply is denied and the Motion to Dismiss is granted.

### BACKGROUND

Plaintiff is currently incarcerated in Smith State Prison in Glennville, Georgia (doc. 45 at 4), serving a life sentence for a number of convictions including murder. *See in re Daker*, No. 1:11-CV-1711, 2014 WL 2548135, at *1 (N.D. Ga. June 5, 2014), *aff'd in part, vacated in part, remanded sub. nom. Daker v. Warren*, 779 F. App'x 654 (11th Cir. 2019).

## I.  Procedural Background

Plaintiff initiated this lawsuit *pro se* on February 4, 2020, alleging breach of contract and intentional infliction of emotional distress. (Doc. 1 at 9). In April of the same year, Defendant moved to dismiss Plaintiff's Original Complaint. (Doc. 5). That Motion was fully briefed, but before the Court resolved the Motion, Plaintiff moved to file an amended complaint. (Doc. 15). The court granted leave. Defendant then moved to dismiss the First Amended Complaint. (Doc. 17). Plaintiff filed a Response to Defendant's Motion to Dismiss (doc. 21) and simultaneously sought leave to file a Second Amended Complaint (doc. 22). Plaintiff argued the proposed amendments added facts pertinent to his claims. (Doc. 22 at 2). Therefore, the Court granted leave. (Doc. 22 at 2). Defendant then moved to dismiss Plaintiff's Second Amended Complaint (doc. 26), and Plaintiff filed a Response to the Motion to Dismiss (doc. 29). The Court dismissed the breach-of-contract claim with leave to amend but dismissed the intentional-infliction-of-emotional-distress claim with prejudice. (Doc. 30). Plaintiff filed a Third Amended Complaint (doc. 39), and Defendant has again moved to dismiss (doc. 40).

## II. Factual Background

Plaintiff claims he has maintained ownership of a home located at 1888 Austin's Pointe Drive in Lawrenceville, Georgia, while incarcerated, and he rented it to two tenants, Willie Hill and Chris Hightower, from July 2016 to June 2017. (Doc. 39 at 2, 4). Plaintiff alleges these tenants "abused and vandalized" his property after Plaintiff obtained a writ of possession against them for not paying rent. (Doc. 39 at 4). Following this, Plaintiff says his brother, Wesam Daker, burglarized his home in

January 2018, stealing a pool table, crystal chandelier, thermostat, toilet seats, carpeting, and various appliances. (Doc. 39 at 4–5). Plaintiff also claims his brother damaged his front door, door handles, and towel racks while he was inside the home and then left the front door ajar, allowing animals to enter and cause further damage to the floor and walls. (Doc. 39 at 5).

Plaintiff states he held an insurance policy[1] with Defendant for the property at issue, and he filed two claims after the above incidents: one regarding the damage caused by his two tenants (No. 11-2970-S52) and a second regarding the damage, theft, and loss of rent caused by his brother (No. 11-2970-J36). (Doc. 39 at 5). Defendant denied both claims in February 2018. (Doc. 39 at 5). Pertinent to the claims herein, the Policy contained the following two provisions:

> **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage . . . .

> **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

(Docs. 26-1 at 13, 20; 45 at 9).

---

[1] Defendant mailed Plaintiff a certified copy of the referenced policy during the course of this litigation (*see* doc. 29 at 13) and attached it as an exhibit to the Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 26-1). Plaintiff does not dispute the validity of the policy and has incorporated it into his pleadings by citing the policy in his Third Amended Complaint (doc. 39 at 2). Thus, the Court can consider the policy without converting the instant motion to dismiss into a summary judgment motion because Plaintiff incorporated the policy into his pleadings and the policy is central to his claim. *See Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing the pleader is entitled to relief." To satisfy this standard, a plaintiff must present factual allegations that, accepted as true, "raise a right to relief above the speculative level" to the point of plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories; rather, the complaint need only contain enough facts "to present a story that holds together." *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). While this requirement presents a low hurdle, a complaint requires "more than labels and conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Determining whether a complaint has met the Rule 8(a)(2) requirement is "a context-specific task that requires a reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 679). On review of a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (citing *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81). This means "accept[ing] all of the well-pleaded facts as true and 'draw[ing] all reasonable inferences [from those facts] in favor of the plaintiff.'" *Id.* (quoting *Kubiak*, 810 F.3d at 480–81). In this vein, *pro se* complaints

must be construed liberally and held to a less strict standard than complaints submitted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

## DISCUSSION

In the instant Motion to Dismiss, Defendant argues Plaintiff's claim is time-barred and inappropriately seeks recovery of punitive damages. (Doc. 40 at 4, 9). Plaintiff argues his claim is not time-barred, asserting a number of defenses including promissory estoppel, equitable estoppel, and equitable tolling. (Doc. 45). Additionally, Plaintiff has sought leave to file a sur-reply. (Doc. 48). The Court will address each issue in turn.

## I. Sur-Reply

"The decision to permit the filing of a sur[-]reply is purely discretionary and should generally be allowed only for valid reasons, such as when the [non-]movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011). This Court stated a version of that same rule in *Cummins, Inc. v. TAS Distrib. Co., Inc.*, 676 F. Supp. 2d 701, 706 (C.D. Ill. 2009), in which it denied a motion to file a sur-reply because no new issues were raised in the reply and the plaintiff merely sought to restate the objections asserted in its response. The same is true here. Defendant's Reply did not assert any new issues; rather, it merely addressed Plaintiff's enforceability, promissory estoppel, equitable estoppel, and equitable tolling arguments. (Docs. 45, 46). For these reasons, the Motion to Sur-

Reply is denied. However, even if the Court had granted the Motion to Sur-Reply, nothing contained therein would have affected the outcome.

## II. Choice of Law

The general rule is that federal district courts sitting in diversity "apply federal procedural law and state substantive law." *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Under *Erie*, "[s]ubstantive law includes statutes of limitations and 'rules that are an "integral part of the statute of limitations," such as tolling and equitable estoppel.'" *McMahan v. Deutsche Bank* AG, 892 F.3d 926, 933 (7th Cir. 2018) (quoting *Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 748 (1980))). The Court must therefore look to Illinois choice-of-law rules to determine whether Illinois or Georgia law applies here. *See Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014).

Unlike federal law, Illinois courts treat statutes of limitations and the defenses thereto as procedural matters that are "governed by the law of the forum." *Heiman v. Bimbo Foods Bakeries* 902 F.3d 715, 718 (7th Cir. 2018); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004) (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 351, 770 N.E.2d 177, 194 (2002)). Thus, to the extent Plaintiff asserts there is a conflict between Illinois and Georgia jurisprudence with respect to limitations defenses, Illinois jurisprudence will control. Nevertheless,

the Court concludes the outcome of the instant matter would be the same in either state, as the subsequent analysis will demonstrate.

## III.    Plaintiff's Claim is Time-Barred

A timeliness defense is an affirmative defense that may, in some cases, be resolved at the Rule 12(b)(6) stage of proceedings.[2] *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Generally, whether a claim is time-barred presents questions of fact, and if a question of fact predominates, a Rule 12(b)(6) dismissal is improper. *See Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Contrarily, "dismissal . . . is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Vill. Of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017) (internal quotation marks omitted); *see also Am. Family Mut. Ins. Co. v. Krop*, 2018 IL 122556, ¶ 21, 120 N.E.3d 982, 988 (2018), *reh'g denied* (Nov. 26, 2018) ("When a complainant should have discovered an injury is a question of fact, but this court can determine when the limitations period began if the facts are undisputed and only one answer is reasonable"). Thus, the Court will consider whether Plaintiff has "plead[ed] himself out of court," *see Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009), keeping in mind that the burden to prove the suit is time-barred

---

[2] This is true whether the limitations period is based on a statute or a contractual provision. *See* 6A Ill. Civ. Prac. Forms § 132:63 (West 2021); *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 301 (7th Cir. 2018) (dicta).

lies with Defendant, *Pascal P. Paddock, Inc. v. Glennon*, 32 Ill. 2d 51, 54, 203 N.E.2d 421, 423 (1964).

Courts in both Illinois and Georgia tend to uphold limitations clauses in insurance contracts. *See* B.H. Glenn, *Validity of Contractual Time Period, Shorter Than Statute of Limitations, for Bringing Action*, 6 A.L.R. 3d 1197, § 4 (1966). Whether a contractual limitation controls often "depends upon the circumstances of the particular case." *Id.* § 2. For the following reasons, the Court concludes the instant limitations provision controls and renders Plaintiff's claim time-barred.

*A. The Provision is Enforceable Under Georgia Law*

Under Georgia law, contractual limitations provisions displacing the statute of limitations are generally upheld if those provisions are not unconscionable or so unreasonable as to raise a presumption of imposition or undue advantage. *Langley v. MP Spring Lake, LLC*, 307 Ga. 321, 323 n. 1, 834 S.E.2d 800, 803 n. 1 (2019); *see, e.g., Lanier v. Coastal States Life Ins. Co.*, 106 Ga. App. 802, 803, 128 S.E.2d 550, 551 (1962); *Gen. Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344, 346, 309 S.E.2d 152, 155 (1983).

The limitations provision here is clearly enforceable. Georgia courts have consistently enforced one-year limitations provisions in insurance contracts. *See Langley,* 307 Ga. at 323 n.1, 834 S.E.2d at 803 n.1; *White v. State Farm Fire & Cas. Co.*, 291 Ga. 306, 306–09, 728 S.E.2d 685, 686–88 (2012); *Premier Eye Care Assocs. P.C. v. Mag. Mut. Ins. Co.,* 355 Ga. App. 620, 625, 844 S.E.2d 282, 287 (2020); *Willis v. Allstate Ins. Co*, 334 Ga. App. 540, 547, 779 S.E.2d 744, 749 (2015); *Darnell v.*

*Fireman's Funds Ins. Co.*, 115 Ga. App. 367, 367, 154 S.E.2d 741 (1967) (holding a twelve-month limitation did not raise a presumption of imposition or undue burden when it contravened the usual six-year statute of limitations for a written insurance contract); *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 816, 520 S.E.2d 494, 495–96 (1999) (holding a "one-year limitations period [was] valid and enforceable"). Though Plaintiff states he does not dispute the notion that one-year contractual limitations provisions are enforceable as a general matter, the only argument he advances in support of his assertion that the instant limitations provision "raise[s] a presumption of imposition or undue burden" is that it displaces Georgia's six-year statute of limitations. (Doc. 45 at 7). As one-year limitations provisions are generally permissible in Georgia, a fact Plaintiff does not dispute, his argument—which does not identify any particular reason why the instant limitations provision is unconscionable—fails to hold water.

### B. The Provision is Enforceable under Illinois Law

Under Illinois law, contractual limitations provisions displacing the statute of limitations are generally upheld if the provision does not contravene a controlling statute and the contract is voluntarily and "knowingly accepted, reasonable, and not contrary to public policy." *Taylor v. W. & S. Life Ins. Co.,* 966 F.2d 1188, 1202–04 (7th

Cir. 1992) (citing *Ord. of United Com. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947)).

### 1. The limitations provision does not contravene any statute

In Illinois, the statute of limitations for written contracts is ten years. 735 ILCS 5/13-206 (West 2021). However, the statute does not bar alternative agreements. *See Hartford Accident & Indem. Co. v. Heftler Contr. Co.*, 325 F.2d 107, 108 (7th Cir. 1963) ("It is a well settled principle of law [in Illinois] that parties to a contract may stipulate the time in which proceedings must be commenced in order to enforce claims arising from that contract." (citing *Wolfe*, 331 U.S. 586 (1947))). This is particularly true for insurance contracts. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 874 (7th Cir. 1997) (citing Calvin W. Corman, *Limitation of Actions* 179 (1991)). Therefore, the instant contractual limitation does not contravene any Illinois statute. Additionally, no federal statute is implicated in this standard breach-of-contract case.

### 2. Plaintiff voluntarily and knowingly accepted the contract

Nothing in the record indicates Plaintiff involuntarily or unknowingly accepted the contract or any of its provisions, and Plaintiff has made no such argument. As Defendant writes in its Motion to Dismiss, in Illinois, "an insured has a duty to read his insurance policy and has constructive knowledge of its contents . . . ." (Doc. 40 at 7) (citing *Krop*, 2018 IL 122556, ¶36); *see also Heller Fin., Inc. v. Midwhey Poweder Co., Inc.*, 883 F.2d 1286, 1292 (7th Cir. 1989) ("[B]asic contract law establishes a duty to read the contract; it is no defense to say, 'I did not read what I was signing' ").

Exceptions to this duty include when the contract is an adhesion contract and the drafting party asks the other party not to read it or the adhesion contract is created on a "take it or leave it" basis. *Id.* Other exceptions include when the policy "contain[s] contradictory provisions," "fail[s] to define key terms," or has a provision "so unexpected that the typical customer should not . . . anticipate how the policy applies." *Krop*, 2018 IL 122556, ¶ 36. Plaintiff asserts no facts bearing on any of these exceptions and does not otherwise present any argument indicating he unknowingly or involuntarily agreed to the policy.[3] The Court thus concludes Plaintiff both voluntarily and knowingly accepted the contract, including the limitations provision, and that he had a duty to read the contract prior to its execution.

### 3. The limitations period is reasonable

A contractual limitations provision is reasonable if it is definite and not unduly short compared to the applicable statute of limitations. *Prac. Constr. Co. v. Granite City Hous. Auth.*, 416 F.2d 540, 544 (7th Cir. 1969) (citing *Hartford*, 325 F.2d at 109; *Doe*, 112 F.3d at 874; *Thomas v. Guardsmark*, 381 F.3d 701, 707 (7th Cir. 2004)). Plaintiff does not challenge the provision's definiteness but does argue the limitations period is unduly short. (Doc. 39 at 6).

To determine whether the limitations period is unduly short, the Court looks to cases in which courts found contractual limitations periods reasonable: *Lesher v. U.S. Fid. & Guar. Co.*, 239 Ill. 502, 509, 514, 88 N.E. 208, 210–212 (1909) (for a

---

[3] Plaintiff argues elsewhere in his Response that the policy is ambiguous as to the limitations period because of the conformity clause; however, for the reasons discussed in Sections II(B)(1), *supra*, and II(C), *infra*, that argument is rejected.

contractor bond treated as an insurance contract, a one-year limitations period was found reasonable); *Country Preferred Ins. Co. v. Whitehead*, 365 Ill. Dec. 669, 681, 979 N.E.2d 35, 47 (2012) (holding a two-year limitations period replacing the ten-year statute of limitations was reasonable for an uninsured-motorist claim)*; Taylor*, 966 F.2d at 1206 (holding a six-month limitations period reasonable in Illinois despite § 1981 having no limitations period otherwise). In *East Liverpool China Co. v. Illinois Surety Co.*, 152 Ill. App. 89, 91 (1909), the plaintiff's surety bond insuring him for theft had a one-year limitations provision; in upholding the limitations provision, the court noted "much shorter periods in limitation clauses have been held valid," *id.* (collecting cases).

The inquiry regarding reasonableness in Illinois has focused in part on whether a plaintiff would have enough time to discover the cause of action and pursue the claim within the limitations period. *See Taylor*, 966 F.2d at 1205–06; *Wabash R. Co. v. Thomas*, 222 Ill. 337, 345, 78 N.E. 777, 779 (1906) (stating it cannot be said "that in view of the nature of the injury . . . the actual damage could by any reasonable degree of diligence have been discovered and sworn to within ten days after [the damages occurred], and it cannot therefore be said, as a matter of law, that the foregoing provision was reasonable" (citing *Baxter v. Louisville, New Albany and Chi. Ry. Co.*, 165 Ill. 78, 87–88, 45 N.E. 1003, 1006–07 (1897)). *See generally* Glenn, *supra*, at § 2.

Plaintiff, notably, was incarcerated at the time the alleged damages occurred. (*See* doc. 45 at 3). However, Plaintiff does not indicate that fact prevented him from

discovering the damages and asserting his rights within the one-year limitations period. Critically, Plaintiff received a letter from Defendant denying his insurance claims in February 2018, seemingly approximately four months before his first claim would have been barred and ten months before his second claim would have been barred, yet Defendant did not file suit until February 2020. (*See* doc. 39 at 5). Those facts weigh heavily on this issue because they demonstrate Plaintiff *was* able to assert his rights during the limitations period, despite being incarcerated. His vague argument the limitations period was unreasonable because "it raises a presumption of imposition or undue advantage in some way" under Georgia law (doc. 39 at 6) is unpersuasive. No reasonable interpretation of the facts alleged in the Third Amended Complaint suggests the Court ought to depart from Illinois courts' long history of finding one-year contractual limitations periods reasonable.

### 4. The limitations agreement does not violate Public Policy

The purpose of statutes of limitations is to enable courts to accurately assess a claim before evidence is lost. *E.Y. ex rel. Wallace v. United States*, 758 F.3d 861, 867 (7th Cir. 2014) (citing *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). Shortening the period, as in the instant case, will only further that policy goal, so long as the period remains reasonable. *See Cange v. Stotler & Co.* 826 F.2d 581, 584 (7th Cir. 1987) (noting that while "[p]laintiff contends that such a limitations period violates

public policy, it is well settled that courts will ordinarily uphold contractual limitations periods of one year or more").[4]

For these reasons, the Court finds the one-year limitations provision is enforceable under Illinois law.

### C. The Conformity Clause Does Not Invalidate the Limitations Provision

Plaintiff next raises two arguments based on the policy's conformity clause, which states: "**Conformity to state law.** When a policy provision is in conflict with the *applicable* law of the State in which this policy is issued, the law of the State will apply." (Doc. 26-1 at 20) (emphasis added). Plaintiff first argues the one-year limitations provision conflicts with the six-year statute of limitations in Georgia, meaning the statute of limitations, not the contractual provision, controls. (Doc. 39 at 6).[5] Plaintiff alternatively argues the policy's conformity clause creates an ambiguity as to which limitations period controls. When an ambiguity exists, the court will read the contract in the light most favorable to the insured. *Schuchman v. State Auto. Prop. & Cas. Co.*, 733 F.3d 231, 240 (7th Cir. 2013) (applying Illinois law); Ga. Code. Ann. § 13-2-2 (West 2010); *Duckworth v. Allianz Life Ins. Co. of N. Am.*, 706 F.3d 1338, 1342 (11th Cir. 2013) (applying Georgia law).

The Court resolves both issues on the reasoning espoused in *Gravely v. S. Tr. Ins. Co.*, 151 Ga. App. 93, 258 S.E.2d 753 (1979). In that case, like here, the insurance

---

[4] There are noted exceptions to this rule *see, e.g.*, *Taylor*, 966 F.2d at 1204 n.12 (gathering cases in which a limitations provision was found to have violated Illinois public policy), but none apply or are asserted here.

[5] As previously discussed, the Illinois ten-year statute of limitations would control, not the Georgia six-year statute of limitations.

contract at issue had both a one-year limitations provision and a conformity clause, which read, respectively:

> Suit. No suit or action on this policy for the recovery of any claim shall be sustainable . . . unless commenced within twelve months next after inception of the loss . . . .

> Conformity with Statute. The terms of this policy and forms attached hereto, which are in conflict with the statutes of this state wherein this policy is issued are hereby amended to conform to such statutes.

*Id.* at 93–94. The court held the provisions did not create an ambiguity because the limitations clause did not actually conflict with the statute of limitations. *Id.* at 94. Georgia law does not prohibit contracting around statutes of limitations, so contractual limitations provisions do not create a conflict with state law. *See id.* It was therefore clear that the limitations provision controlled.

The undersigned agrees and notes the clauses examined in *Gravely* are, in all relevant respects, identical to the instant clauses. Not only is the plain language of the instant policy unambiguous, but application of that language clearly suggests the policy's limitations provision applies because it does not conflict with state law; both Illinois law and Georgia law permit contractual limitations provisions, meaning the contractual limitations provision here does not actually conflict with state law. *See id.*; *see also McMahon v. Millers Nat. Ins. Co.*, 131 Ill. App. 2d 339, 341, 266 N.E.2d 714, 716–17 (1971) (holding a policy containing contractual limitations provision and a conformity clause did not conflict with the Illinois statute of limitations and was not ambiguous); *Atwood v. St. Paul Fire & Marine Ins. Co.*, 363 Ill. App. 3d 861, 864–65, 845 N.E.2d 68, 71 (2006) (explaining in depth why Illinois courts and general contract law doctrine is not sympathetic to the argument that statutes of limitations

conflict with contractual limitations provisions). For these reasons, the Court concludes there is no conflict or ambiguity with respect to the limitations provision here.

### D. *Plaintiff has Failed to Establish a Valid Defense to the Limitations Provision*

Plaintiff further argues an alleged statement by his State Farm agent, Ms. Bramlett, indicating she would mail him a copy of his policy and subsequent failure to do so, barred operation of the limitations provision on three different theories: promissory estoppel, equitable estoppel, and equitable tolling. (Docs. 39 at 7; 45 at 14, 17). In both Illinois and Georgia, the burden of proof lies with the party raising any one of these defenses. *In re Larson*, 862 F.2d 112, 115 (7th Cir. 1988) (promissory estoppel); *Goddard v. City of Albany*, 285 Ga. 882, 886, 684 S.E.2d 635, 640 (2009) (promissory estoppel); *In re Scarlett Z.-D.*, 2015 IL 117904, ¶ 26, 28 N.E.3d 776, 785 (2015) (equitable estoppel); *Bennett v. Davis*, 201 Ga. 58, 63, 39 S.E.2d 3, 7 (1946) (equitable estoppel); *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016) (equitable tolling); 4 Ga. Jur. *Statute of Limitations Applicable to Voidable or Fraudulent Transfers Made or Obligations Incurred—Tolling of Statute of Limitations* § 2:32 (2021) (equitable tolling); Ga. Code Ann. § 9-3-96 (West 2021) (equitable tolling); *Edmonds v. Bates*, 178 Ga. App. 69, 72, 342 S.E.2d 476, 479 (1986) (equitable tolling); *see also Daniel v. Amicalola Elec. Mbrshp. Corp.*, 289 Ga. 437, 444–45, 711 S.E.2d 709, 716 (2011) (equitable tolling).

### 1. Promissory Estoppel

In Illinois and Georgia, the promissory estoppel elements are that a promisor "made an unambiguous promise to the plaintiff," the plaintiff relied on that promise

to the plaintiff's detriment, and the promisor foresaw and expected such reliance. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015); Ga. Code Ann. § 13-3-44 (West 2021); *McReynolds v. Prudential Ins. Co. of Am.*, 276 Ga. App. 747, 749, 624 S.E.2d 218, 221 (2005) (Georgia has an additional element that "injustice can only be avoided by" enforcing the promise) (quoting *Rental Equip. Grp. v. MACI, LLC*, 263 Ga. App. 155, 157, 587 S.E.2d 364, 367 (2004)).

Plaintiff's alleged detriment (failing to timely file his lawsuit) cannot be reasonably deemed the result of the alleged broken promise (Ms. Bramlett's failure to mail Plaintiff a copy of the policy). Plaintiff knew of the limitations provision on two separate occasions before expiration of the limitations period: (1) when Plaintiff had a duty to read his contract and therefore had constructive knowledge of its contents at the inception of his agreement with Defendant, *Krop*, 2018 IL 122556, ¶ 22, and (2) when Defendant provided actual notice of the limitations provision in its denial letters before expiration of the one-year limitations period, receipt of which Plaintiff has acknowledged (docs. 39 at 5; 40-1 at 2). As he had constructive and actual knowledge of the limitations provision before the limitations period expired, Plaintiff cannot reasonably claim he was actively misled by Defendant about the contents of the limitations provision or that his detriment was caused by Ms. Bramlett's alleged broken promise. His claim for promissory estoppel thus fails under both Illinois and Georgia law.

## 2. Equitable Estoppel

In Illinois,

> [t]o support a claim of equitable estoppel sufficient to toll a limitation period, a plaintiff must show that (1) the other parties misrepresented or concealed material facts, (2) they knew at the time of making the representations that they were not true, (3) the party who is claiming estoppel did not know the representations were untrue when they were made and relied on the misrepresentations in acting, (4) the other parties intended or reasonably anticipated that the party claiming estoppel would base his or her decision whether to act based on the representations, (5) the plaintiff reasonably relied on the representations in good faith and to his or her detriment, and (6) the plaintiff would be prejudiced by the reliance on the representations if the other parties deny their truth.

*Horn v. Goodman*, 2016 IL App (3d) 150339, ¶ 14, 60 N.E.3d 922, 927 (*DeLuna v. Burciaga*, 223 Ill. 2d 49, 82–83, 857 N.E.2d 229, 249 (2006)); *see also Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992); *Bell v. Studdard*, 220 Ga. 756, 760, 141 S.E.2d 536, 540 (1965) (noting additional elements required by Georgia law, which need not be addressed here).

As stated, Plaintiff had both constructive and actual knowledge of the limitations provision prior to expiration of the limitations period. Accordingly, Ms. Bramlett's alleged failure to mail him a copy of the policy was of no moment to Plaintiff's ability to timely file his claims. Defendant neither misrepresented the limitations provision nor caused Plaintiff's detriment; indeed, Plaintiff filed the instant suit allegedly without having ever received a copy of the policy. Therefore, Defendant's equitable estoppel claim likewise fails under either Illinois or Georgia law.

### 3. Equitable Tolling

Finally, in Illinois, equitable tolling applies when a defendant misled a plaintiff, or when a plaintiff exercised due diligence but has still been prevented from "asserting his or her rights in some extraordinary way . . . ." *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008); *Clay v. Kuhl*, 189 Ill. 2d 603, 614, 727 N.E.2d 217, 223 (2000) (citing *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d. 1046, 1052, 675 N.E.2d 210, 212–13 (1996)). Georgia's equitable tolling doctrine states: "[i]f the defendant or those [accused] are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Ga. Code Ann. § 9-3-96 (West 2021).

Equitable tolling is clearly inappropriate under Georgia law. No fraud prevented Plaintiff from timely filing his lawsuit, as discussed above. Equitable tolling is similarly unavailable under Illinois law. Firstly, Defendant did not mislead Plaintiff with regard to the limitations provision, as previously discussed; Plaintiff had timely constructive and actual knowledge of the limitations provision. *Accord Clay*, 189 Ill. 2d at 614.

Secondly, Plaintiff has not been prevented from "asserting his . . . rights in some extraordinary way." According to the Seventh Circuit, such "extraordinary" circumstances include: inadequate notice, a pending motion for appointment of counsel, an inability to learn the wrongdoer's identity, and an inability to discover facts necessary to make a timely claim. *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d

548, 561–62 (7th Cir. 1996) (citing *Singletary v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 9 F.3d 1236, 1241 (7th Cir. 1993); *Williams v. Simms*, 390 F.3d 958, 960 (7th Cir. 2004). Further, the Seventh Circuit has instructed that equitable tolling is unavailable when the plaintiff has the ability to timely learn of the limitations period. *See Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007) (noting equitable tolling would be unavailable if an incarcerated defendant seeking habeas relief could timely access the applicable statute of limitations). Regardless of his access to the policy or his institution's law library, Plaintiff was not prevented from filing suit within the one-year limitations period because he had actual and constructive knowledge of the limitations provision well before expiration thereof. His claim for equitable tolling is therefore likewise barred under Illinois law.

### E. Summation

Under the policy's limitations period, this suit is clearly untimely, and Plaintiff has failed to present any meritorious counterargument to Defendant's limitations defense. Rather, the pleadings and exhibits, taken as true and construed in the light most favorable to Plaintiff, indicate the Third Amended Complaint is time-barred as a matter of undisputed fact.

## IV. Leave to Amend

When considering whether to grant Plaintiff leave to amend his Complaint yet again, the Court is mindful of the direction to "freely give leave when justice so requires" and that *pro se* litigants should be given great latitude to amend complaints if it appears they could state a meritorious claim. *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quoting Fed. R. Civ. Proc 15(a)(2)). But courts "may deny leave to

amend" with good reason: "futility, undue delay, prejudice or bad faith." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (internal quotation marks omitted). As Plaintiff's claim is time-barred, amendment would be futile. Consequently, Plaintiff's breach-of-contract claim is dismissed with prejudice.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Sur-Reply (doc. 48) is DENIED and Defendant's Motion to Dismiss the Third Amended Complaint (doc. 40) is GRANTED; Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk is directed to close this case.


SO ORDERED.


Entered this 8th day of July 2021.

s/ Joe B. McDade<br>
_____<br>
JOE BILLY McDADE<br>
United States Senior District Judge